CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
Bonnie Pollack, Esq. (BP 3711)
Melissa H. Field, Esq. (MF 3454)

Attorneys for Movants

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re:                          )   Chapter 7
                                )
Peter Ian Cummings,             )   Case No. 10-14433-MBK
                                )
        Debtor.                 )

---

NOTICE OF MOTION FOR ORDER
EXTENDING TIME TO OBJECT TO DISCHARGEABILITY OF DEBT

TO:  **UNITED STATES TRUSTEE
     OFFICE OF THE UNITED STATES**
     Clarkson S. Fisher U.S. Courthouse
     402 East State Street
     Trenton, New Jersey 08608

     **PETER IAN CUMMINGS**
     1308 Centennial Avenue
     Unit 321
     Piscataway, New Jersey 08854

     **JOHN MICHAEL MCDONNELL**
     Trenk DiPasquale, et al.
     115 Maple Avenue
     Suite 201
     Red Bank, New Jersey 07701

     **All Creditors and Parties Who
     Filed a Notice of Appearance**

**PLEASE TAKE NOTICE** that the undersigned attorney shall appear to the U.S. Bankruptcy Court on the 21st day of June, 2010 at 10:00 a.m. at the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 before the Honorable Michael B. Kaplan, for an Order Extending Time to Object to Dischargeability of Debt.

**TAKE FURTHER NOTICE** that reliance will be made upon the attached Motion.

**TAKE FURTHER NOTICE** that answering papers and briefs, if necessary, or a statement why an answering brief is not necessary and the basis thereof, shall be filed seven (7) days prior to the date noticed for argument. This Motion shall be deemed uncontested unless responsive papers are filed within such time period. Said papers must state with particularly the basis for the opposition.

The facts and law upon which the movants, as set forth in the accompanying Motion, do not present complicated questions of fact or unique questions of law. It is therefore submitted that a separate brief is not necessary in this Court's consideration of the within Motion.

Dated: Garden City, New York
May 21, 2010

                                            CULLEN AND DYKMAN LLP

                                            By: _s/ Bonnie L. Pollack, Esq._
                                            Matthew G. Roseman, Esq. (MR 1387)
                                            Bonnie Pollack, Esq. (BP-3711)
                                            Melissa H. Field, Esq. (MF 3454)
                                            Attorneys for XY Residuary Corporation
                                            100 Quentin Roosevelt Boulevard
                                            Garden City, New York 11530
                                            (516) 357-3700

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
Bonnie Pollack, Esq. (BP 3711)
Melissa H. Field, Esq. (MF 3454)

Attorneys for Movants

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| Peter Ian Cummings, | Case No. 10-14433-MBK |
| Debtor. | |

## MOTION TO EXTEND TIME TO
## OBJECT TO DISCHARGEABILITY OF DEBT

XY Residuary Corporation f/k/a XY 3000 Corporation ("XY"), Peter Larson ("Larson") and Martin Shmagin ("Shmagin"; collectively the "Movants"), by their counsel Cullen and Dykman LLP, as and for their motion to extend time to object to dischargeability of a debt, respectfully allege as follows:

### INTRODUCTION

1. On February 17, 2010 (the "Petition Date"), Peter Cummings (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey.

2. John McDonnell was appointed as the chapter 7 trustee in the Debtor's case (the "Trustee").

3. Pursuant to the Court's notice dated February 18, 2010 in this case, May 24, 2010 was fixed as the deadline to file a complaint objecting to the discharge of the Debtor or to determine dischargeability of certain debts (the "Discharge Deadline").

4. For the reasons set forth below, the Movants require an extension of the Discharge Deadline and cause exists for same.

## BACKGROUND

5. The Debtor, together with Larson and Shmagin, are the shareholders of XY. As the Court is aware, a dispute exists as to the ownership of various assets related to XY Magazine (the "Assets"). The Debtor and XY each assert competing ownership interests in the Assets.

6. The ownership dispute has not yet been resolved. The Movants hope to resolve the ownership dispute with the Trustee without the necessity for litigation but such a resolution has not yet occurred. Until resolved, the prospect of litigation as to the ownership of the Assets remains outstanding.

7. If litigation is necessary, and if that litigation is resolved against XY such that the Court determines the Assets to be owned by the Debtor, the Movants will each have claims against the Debtor for his prior representations as to the ownership of the Assets at issue and damages incurred as a result thereof (the "Fraud Claims"). In turn, the Fraud Claims will need to be liquidated before this Court or another Court of competent jurisdiction.

8. The Movants submit that any such Fraud Claims would be excepted from discharge under section 523(a)(4) of the Bankruptcy Code. See 11 U.S.C. § 523(a)(4). Thus, once the Fraud Claims are fixed, the Movants would file an appropriate adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure to except those debts from discharge.

9. There are therefore several judicial determinations which need to be made prior to the Movants' commencing an adversary proceeding to except the Fraud Claim debts from discharge including (a) determination, after adversary proceeding, that the Debtor owns the Assets; and (b) liquidation of the Fraud Claims against the Debtor. Then and only then will an action to except the fraud debt from discharge be ripe for commencement.

### REQUEST TO EXTEND TIME TO OBJECT TO DISCHARGEABILITY

10. Pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, a complaint to determine the dischargeability of a debt under sections 523(c)(4) and 523(c) of the Bankruptcy Code shall be filed no later than 60 days after the first date set for the section 341 meeting of creditors. F. R. Bankr. P. 4007(c). As set forth above, the Dischargeability Deadline in this case is May 24, 2010. The Movants submit that it is premature for them to file an adversary proceeding to except a fraud debt from discharge at this time. While the Movants have filed, or will imminently file, contingent unliquidated Fraud Claims against the Debtor, those claims are just that – contingent and unliquidated. First, they are contingent on a ruling in favor of the Debtor as to ownership of the Assets (if such ownership dispute cannot be resolved with the Trustee). If such an adverse determination is made, the Fraud Claims must still be liquidated judicially to determine the amount of the Debtor's debts based on such fraud. Only then would a dischargeability action be ripe for determination.

11. On motion of a party in interest, after hearing on notice, the Court may for cause extend the time fixed under section 4007(c) of the Federal Rules of Bankruptcy Procedure to commence a dischargeability action, which "motion shall be filed before the time has expired." F.R. Bankr. P. 4007(c). By this motion, the Movants seek to extend the Dischargeability Deadline to a date that is 30 days after liquidation of any Fraud Claim, if necessary after any

3

adverse determination of the ownership of the Assets. The Movants believe that extending the time to commence the dischargeability action benefits the parties in that they would not be forced to litigate a dischargeability action prematurely and possibly unnecessarily. Since this motion has been filed before the Dischargeability Deadline has expired, it is timely under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

12. For the reasons set forth above, the Movants submit that cause exists to extend the Dischargeability Deadline in this case to a date that is 30 days after liquidation of any Fraud Claims without prejudice to a request for a further extension of such time by the Movants, and request that the Court issue the proposed order annexed hereto as Exhibit "A".

13. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Movants respectfully request that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
May 21, 2010

CULLEN AND DYKMAN LLP

By: _s/ Bonnie L. Pollack, Esq._
Matthew G. Roseman, Esq. (MR 1387)
Bonnie Pollack, Esq. (BP-3711)
Melissa H. Field, Esq. (MF 3454)
Attorneys for XY Residuary Corporation
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700