CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
Bonnie Pollack, Esq. (BP 3711)
Jennifer McLaughlin, Esq. (JM 5678)

Attorneys for Movants

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| Peter Ian Cummings, | Case No. 10-14433-MBK |
| Debtor. | Hearing Date: July 12, 2010 at 2:00 p.m. |

### RESPONSE TO (A) DEBTOR'S OBJECTION TO MOTION TO EXTEND TIME TO OBJECT TO DISCHARGEABILITY AND (B) DEBTOR'S OBJECTIONS TO CLAIMS

To the Honorable Michael B. Kaplan, United States Bankruptcy Judge:

XY Residuary Corporation f/k/a XY 3000 Corporation ("XY"), Martin Shmagin ("Shmagin"), Peter Larson ("Larson"; collectively, the "Movants"), as and for their response to the objection of Peter Cummings, Debtor herein (the "Debtor") to the Movants' Motion for an Extension of Time to Object to Dischargeability of Debts (the "Extension Motion") and the Debtor's objection to the contingent, unliquidated fraud claims filed by the Movants, respectfully allege as follows:

### INTRODUCTION

1. On February 17, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7, title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey.

2. John McDonnell was appointed as the Chapter 7 trustee in the Debtor's case (the "Trustee").

3. Pursuant to the Court's notice dated February 18, 2010, May 24, 2010 was fixed as the deadline to file a complaint objecting to the discharge of the Debtor or to determine the dischargeability of certain debts (the "Discharge Deadline"). By the Extension Motion dated May 21, 2010, Movants sought to extend the Discharge Deadline as further discussed below. On May 21, 2010 each of the Movants filed an unliquidated, contingent claim against the Debtor based on alleged fraudulent misrepresentations (the "Fraud Claims"), as also described below.

4. On or about June 19, 2010, the Debtor filed an objection to the Extension Motion and also filed objections to the Fraud Claims. For reasons set forth below, the Debtor's objection to the Extension Motion should be overruled and the Extension Motion should be granted, and the objection to the Fraud Claims should be denied.

## BACKGROUND

5. As discussed in the Extension Motion, the ongoing dispute regarding certain assets related to XY Magazine (the "Assets") has not yet been resolved (although the Movants have an agreement in principal with the Trustee for such a resolution). Until resolved, the prospect of litigation remains outstanding. If such litigation is resolved against XY, such that the Court determines the Assets to be owned by the Debtor and not XY, the Movants possess claims against the Debtor based on his prior contrary representations as to the ownership of the Assets. Those Fraud Claims would need to be liquidated before the Court. Once liquidated, the Movants submit that such Fraud Claims would be excepted from discharge under section 523 of the Bankruptcy Code.

2

6.     That determination, however, cannot be made by the Discharge Deadline. Accordingly, the Movants require an extension of the Discharge Deadline, and moved accordingly.

## DEBTOR'S OBJECTION TO THE EXTENSION MOTION SHOULD BE OVERRULED

7.     The Extension Motion is not an unusual occurrence in a case. Creditors often seek an extension of time to seek to except a debt from discharge when filing such an adversary proceeding by the date first set would be premature. Here, commencing an adversary proceeding at this point would clearly be premature since several issues still need to be resolved.

8.     The Debtor objects to the Extension Motion on the grounds that (a) it seeks an unreasonably long extension, (b) it seeks "recovery of property that is not specifically identified in the motion", and (c) it seeks to pursue last-minute fraud claims without specifications on the details of the fraud, filed in retaliation of the Debtor attempting to protect public interest in violation of the whistleblower act. None of these grounds, to the extent that they even make sense, are reasons to deny the Extension Motion.

A.    <u>Length of Extension</u>

9.     While it is true that the Extension Motion seeks an extension of time to file a dischargeability action for an indefinite period of time, it is impossible to determine when the several actions which require determination prior to the Movants' commencing a dischargeability action will conclude. If the Court is more inclined to extend the time for a short period, subject to the Movants' ability to seek a further extension, that is acceptable to the Movants. However, it seems that such a course of conduct will only result in the further

expenditure of funds by both the Movants and the Debtor, and time by the Court, since in all likelihood the matters would not be resolved prior to such date[1].

10. While the Debtor claims that the Movants had ample opportunity to file the dischargeability adversary proceeding, clearly he misunderstands the nature of the adversary proceeding since the Movants are not in the position to file same until the issues requiring prior resolution are determined. Perhaps the Debtor is confusing the Extension Motion with an adversary proceeding to determine ownership of the Assets. Such an adversary proceeding and the instant Motion are not the same. If the Movants are unable to resolve their issues with the Trustee, the Movants intend to file an adversary proceeding to determine ownership of the Assets, a different adversary proceeding than the dischargeability action.

B.   <u>Recovery of Property</u>

11. The Movants are not sure what the Debtor means when he alleges that the Extension Motion seeks "recovery of property that is not specifically identified in the motion." The Extension Motion seeks no such thing; indeed, it does not seek recovery of property at all. Rather, the Motion simply seeks an extension of time.

C.   <u>Retaliatory Fraud Claims</u>

12. Finally, the Movants have every right to pursue their contingent, unliquidated Fraud Claims against the Debtor if in fact the Asset ownership issues are resolved against the Movants. The Movants have previously detailed the myriad representations that the Debtor made with regard to XY being the owner of the Assets in question. If such representations turn out to be false, the Movants can and should have the right to pursue claims against the Debtor for such misrepresentations.

---

[1] The Court should note that if the Movants are successful in resolving their issues with the Trustee, there will of course be no need to commence an action to except the Fraud Claims from discharge.

13. The Fraud Claims were not filed as retaliation for the Debtor. They were filed so that the Movants can pursue their damages against the Debtor if in fact it turns out the Debtor made false representations.

14. The Movants are also unclear as to what additional details of the purported fraud are required in the Fraud Claims. They amply set forth the grounds for the basis of the claims- that is, the Debtor made representations as to XY's ownership of the Assets on numerous occasions and if those representations turn out to be untrue, the Movants have been damaged in an unyet determined amount.

15. Finally, the Extension Motion has absolutely nothing to do with the Debtor's alleged attempts to protect customer data. Regardless of the Debtor's privacy concerns, altruistic or not, the fact remains that Movants have Fraud Claims contingent upon certain findings which must occur before they can seek to except such Claims from discharge.

16. Accordingly, the Movants submit that the Debtor has not provided any grounds as to why the Extension Motion should not be granted, and the Movants therefore request that the Court grant the Extension Motion over the Debtor's objection.

## DEBTOR'S OBJECTION TO THE FRAUD CLAIMS SHOULD BE DENIED

17. The Debtor also filed objections to all three Fraud Claims, requesting that the Fraud Claims be "denied", which should be similarly overruled by the Court.

18. The basis for the claim objections, and Movants' responses are as follows:

- The Fraud Claims "relate to property that is not identified in the claim" – the Fraud Claims do not relate to any property of any nature. Rather, the Fraud Claims are based on what may turn out to be misrepresentations by the Debtor as to the ownership of the Assets.

- There is no specificity as to the fraud in the Fraud Claims – again, the Fraud Claims amply lay out the grounds for the alleged misrepresentations as set forth above.

- The Fraud Claims are an abuse of process because they seek to hold the Debtor hostage – again, the Fraud Claims seek no such thing, only to hold the Debtor accountable for any misrepresentation as to the ownership of the Assets, should that become an issue if the Movants cannot resolve these issues with the Trustee or after appropriate adversary proceeding to determine the ownership issues.

- The Movants could have filed the Fraud Claims "long before the deadline, without extensions" –the Debtor clearly confuses the deadline for filing an action regarding dischargeability of a debt and a deadline to file claims. In fact, there has been no bar date set for filing claims in the Debtor's case and the Fraud Claims were therefore filed well before any deadline. The deadline which the Debtor alludes to is the deadline to object to the dischargeability of the debt, which has nothing to do with the claims themselves.

- The claims are filed in violation of the whistleblower act – as discussed above, the Fraud Claims were filed to protect the Movants in the event that it turns out they incurred damages as a result of misrepresentations made by the Debtor, and not for any other purpose.

19. Thus, the Debtor has not set forth sufficient grounds to expunge the Fraud Claims.

20. The Debtor's persecution complex has become tiresome. Perhaps if the Debtor really looked at what the Movants are trying to accomplish before jumping to the conclusion that every action being taken is a personal affront against the Debtor there would not be the need for

6

so much litigation in this matter. The Movants have done nothing out of the ordinary respecting the Fraud Claims. They have filed <u>contingent</u>, unliquidated claims based on numerous representations made by the Debtor in the past. If (a) the Movants' issues with the Trustee are resolved, or (b) such issues are not resolved and XY is ultimately determined to be the owner of the Assets, there will be no need for the Fraud Claims and they will be withdrawn. However, if the opposite is true, the Movants have legitimate claims that they are protecting and have the right to protect. The Movants do not believe that it makes economic, procedural or logical sense to proceed with an adversary proceeding to determine the dischargeability of a debt until the various contingencies are determined.

## CONCLUSION

21.    For the reasons set forth herein and in the Extension Motion, the Movants submit that the Court should overrule the Debtor's objection to the Extension Motion and grant such Motion. The Movants further submit that the Court should overrule the Debtor's objection to the Fraud Claims.

WHEREFORE, the Movants request that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       July 2, 2010

                                             CULLEN AND DYKMAN LLP

                                             By:  s/Jennifer A. McLaughlin, Esq.
                                             Matthew G. Roseman, Esq. (MR 1387)
                                             Bonnie Pollack, Esq. (BP-3711)
                                             Jennifer McLaughlin, Esq. (JM 5678)
                                             Attorneys for Movants
                                             100 Quentin Roosevelt Boulevard
                                             Garden City, New York 11530
                                             (516) 357-3700